IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CV-241-D

ISAIAH WAIDLER STAYTON a/k/a )
BENJAMIN ISHIYAH MIRNYY )
DUKHOVNYY VOIN BEY, )
                                        )
    Plaintiff,                      )
                                        )           **ORDER and**
                                        )     **MEMORANDUM &**
    v.                             )    **RECOMMENDATION**
                                          )
                                          )
OFFICER K.C. JENNINGS,        )
                                          )
    Defendant.

This pro se case is before the court on the application [DE #1] by Plaintiff Isaiah Stayton to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a)(1) and for frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B), the matter having been referred to the undersigned by the Honorable James C. Dever, Chief United States District Judge. For the reasons set forth below, Plaintiff's application to proceed in forma pauperis is allowed, and it is recommended that Plaintiff's claim against Defendant be dismissed.

## IFP MOTION

The standard for determining *in forma pauperis* status is whether "one cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal quotation marks omitted). Based on the information contained in Plaintiff's affidavit, the court finds

that Plaintiff has demonstrated appropriate evidence of inability to pay the required court costs. Thus, Plaintiff's application to proceed *in forma pauperis* is allowed.

## DISCUSSION

### I. Background

Plaintiff asserts that Defendant violated his First, Fourth, and Fifth Amendment rights. Plaintiff brings his claims pursuant to 42 U.S.C. §§ 1983 and 1985, as well as 18 U.S.C. §§ 241-42 and 245. Plaintiff brings suit against Defendant in his individual capacity. Plaintiff requests, *inter alia*, relief in the form of money damages and criminal charges being brought against Defendant,.

Plaintiff reports that his claims arise from an incident that occurred on April 15, 2015. Defendant approached Plaintiff's vehicle in a parking lot of a business in Wilmington, North Carolina. According to Plaintiff, Defendant approached the car because Plaintiff was "sitting in the vehicle in the parking lot." (Compl. [DE #1] at 2.) Upon approaching Plaintiff's car, Defendant stated that he saw marijuana and was going to search the car. Plaintiff claims he did not consent to a search of the vehicle, but states elsewhere in the complaint that a marijuana plant was in the car in plain view. Plaintiff asserts that his Fourth Amendment rights were violated when Defendant did not obtain a warrant before searching his car.

Thereafter, Defendant requested Plaintiff's identification, and Plaintiff claims his First Amendment right of association was violated when Defendant refused to accept Plaintiff's Moorish American National identification card. Plaintiff contends he is a "Moorish American National that is not subject to any

'State of North Carolina' statutes, or codes." (Compl. at 4.) Plaintiff further reports that his Fifth Amendment rights were violated when his marijuana plant was taken from him without just compensation and that Defendant tried to extort funds from Plaintiff by writing him a citation for possession of a marijuana plant.

## II. Standard for Frivolity Review

Notwithstanding the determination that Plaintiff is entitled to *in forma pauperis* status, the court is required to dismiss all or part of an action found to be frivolous or malicious, which fails to state a claim on which relief can be granted, or which seeks money damages from a defendant immune from such recovery. 28 U.S.C. § 1915(e)(2); *Michau v. Charleston County*, 434 F.3d 725, 728 (4th Cir. 2006). A case is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Pro se complaints are entitled to a more liberal treatment than pleadings drafted by lawyers. *See White v. White*, 886 F.2d 721, 722–23 (4th Cir. 1989). However, the court is not required to accept a pro se plaintiff's contentions as true. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). The court is permitted to "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327.

Rule 8 of the *Federal Rules of Civil Procedure* requires a complaint to give a "short plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. The statement must give a defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S.

3

544, 555 (2007). "A plaintiff must offer more detail . . . than the bald statement that he has a valid claim of some type against the defendant." *Trulock v. Freeh*, 275 F.3d 391, 405 (4th Cir. 2001); *see also White*, 886 F.2d at 723 (affirming district court's dismissal of plaintiff's suit as frivolous where plaintiff's complaint "failed to contain any factual allegations tending to support his bare assertion"). While the court must read the complaint carefully to determine if the plaintiff has alleged facts sufficient to support his claims, *White*, 886 F.2d at 724, the court is not required to act as the pro se plaintiff's advocate or to parse through volumes of documents or discursive arguments in an attempt to discern the plaintiff's unexpressed intent, *Williams v. Ozmint*, 716 F.3d 801, 803 (4th Cir. 2013).

### III. 18 U.S.C. §§ 241-42, 245

Plaintiff alleges that Defendant violated 18 U.S.C. §§ 241, 242 and 245. However, sections 241, 242, and 245 are "criminal statutes and do not provide a civil remedy." *Yagoda v. Davis*, No. 7:11-CV-122-BO, 2011 WL 3911111, at 1* (E.D.N.C. Sept. 5, 2011); *see also Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) ("Only the United States as prosecutor can bring a complaint under 18 U.S.C. § 241-242 (the criminal analogue of 42 U.S.C. § 1983) . . . ."); *United States* ex rel. *$12,642.00 U.S. Currency v. Virginia*, No. 2:03-CV-724, 2003 WL 23710710, at *4 (E.D. Va. Dec. 10, 2003). Because no private, civil remedy is available under these three code sections, Plaintiff's claims under §§ 241, 242 and 245 should be dismissed as frivolous or for failure to state a claim.

### IV. 42 U.S.C. § 1985

Generally, a cause of action exists under § 1985 where two or more people conspire to interfere with an individual's civil rights. 42 U.S.C. § 1985. To state a § 1985 claim, a plaintiff must allege facts sufficient to support a finding that there existed "an agreement or a 'meeting of the minds' by defendants to violate the claimant's constitutional rights." *Simmons v. Poe,* 47 F.3d 1370, 1377 (4th Cir. 1995). In the instant case, Plaintiff has failed to allege facts showing that Defendant acted with other people or that there was any "meeting of the minds" to violate Plaintiff's rights. Thus, Plaintiff's § 1985 claim should be dismissed as frivolous or for failure to state a claim.

## V.     42 U.S.C. § 1983

Lastly, Plaintiff filed a claim pursuant to 42 U.S.C. § 1983 stating that his First, Fourth, and Fifth Amendment rights were violated. Section 1983 provides a cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" by any person acting "under color of any statute, ordinance, custom, or usage, of any State or Territory." 42 U.S.C. § 1983. In order to properly state a claim under § 1983, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff contends Defendant violated his Fourth Amendment rights by searching his car without Plaintiff's consent and without a warrant. The Fourth Amendment states, "The right of the people to be secure in their persons, houses,

5

papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrant shall issue, but upon probable cause . . . ." U.S. Const. amend. IV. "The Fourth Amendment generally requires the police to obtain a warrant before conducting a search." *United States v. Kelly*, 592 F.3d 586, 589 (4th Cir. 2010). However, under the plain view doctrine, "if, while lawfully engaged in an activity in a particular place, police officers perceive a suspicious object, they may seize it immediately." *Texas v. Brown*, 460 U.S. 730, 739 (1983), *abrogated on other grounds by Horton v. California*, 496 U.S. 128 (1990). In order for the plain view doctrine to apply: (1) the officer must not have violated "the Fourth Amendment in arriving at the place from which the evidence could be plainly viewed"; (2) the object must be in plain view and its "incriminating nature must be 'immediately apparent'"; and (3) the officer must have a "lawful right of access to the object." *Horton*, 496 U.S. at 136-37.

Here, Defendant walked up to Plaintiff's vehicle that was parked in a parking lot and saw marijuana. Defendant then requested Plaintiff's identification and told Plaintiff that he had probable cause to search the car. Plaintiff affirms that a marijuana plant was in the car. Defendant did not violate the Fourth Amendment merely by approaching the car; the marijuana plant was observed by Defendant from the outside of the car; the incriminating nature of the marijuana plant is immediately apparent; and Defendant had lawful access to the plant. Therefore, he did not violate Plaintiff's Fourth Amendment right against unreasonable searches and seizures.

Furthermore, Defendant did not violate Plaintiff's First Amendment right of association by demanding Plaintiff's state-issued identification as opposed to his "Moorish American National" identification. Defendant's request of Plaintiff's state-issued identification does not interfere with Plaintiff's membership or identity as a Moorish American National. *See Fighting Finest, Inc. v. Bratton*, 95 F.3d 224, 228 (2d Cir. 1996) ("To be cognizable, the interference with associational rights must be direct and substantial or significant.").

Finally, Plaintiff contends he was deprived of his property without just compensation when Defendant confiscated the marijuana plant from Plaintiff's car. The Fifth Amendment requires the government to provide just compensation for the taking of personal property. U.S. Const. amend. V; *Horne v. Dep't of Agriculture*, 135 S. Ct. 2419 (2015). It is unlawful to possess marijuana in the State of North Carolina. N.C. Gen. Stat. §§ 90-94, 90-95(a). As such, Plaintiff does not have recognized property rights in a marijuana plant, and he is not entitled to just compensation.

## CONCLUSION

For the reasons stated above, Plaintiff's application to proceed *in forma pauperis* is ALLOWED, and it is RECOMMENDED that Plaintiff's claims be DISMISSED for lack of jurisdiction.

IT IS DIRECTED that a copy of this Order and Memorandum and Recommendation be served on Plaintiff. Plaintiff is hereby advised as follows:

7

You shall have until **November 2, 2015**, to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.,* 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

If you do not file written objections to the Memorandum and Recommendation by the foregoing deadline, you will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, your failure to file written objections by the foregoing deadline may bar you from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation. *See Wright v. Collins*, 766 F.2d 841, 846-47 (4th Cir. 1985).

This 15th day of October 2015.

                                                _____
                                                KIMBERLY A. SWANK
                                                United States Magistrate Judge